NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3122

JOSEPH M. CHIRONNO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  September 14, 2006

_____

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

NEWMAN, Circuit Judge.

Mr. Joseph M. Chironno petitions for review of the ruling of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") that Mr. Chironno was required to repay an overpayment in the total amount of $57,930.00 of disability annuity benefits that he received under the Federal Employees

Retirement System ("FERS"), because he received a comparable sum from the Social Security Administration ("SSA"). We affirm.

BACKGROUND

Mr. Chironno was born on April 19, 1965. On September 13, 1998 OPM approved his application for disability retirement under FERS. OPM informed Mr. Chironno that (1) the annuity payments would not commence until OPM received confirmation that Mr. Chironno had applied for Social Security benefits; (2) if the SSA awarded Mr. Chironno monthly disability benefits, he must notify OPM; (3) while Mr. Chironno is under age 62, federal retirement law requires that his disability payment under the FERS be reduced by 100% of his Social Security payment for any month in which Mr. Chironno is entitled to Social Security disability benefits. Mr. Chironno was 33 years old at the time of his disability retirement.

The SSA initially rejected Mr. Chironno's application for benefits, but on October 17, 2003 SSA found that Mr. Chironno was disabled under SSA rules as of May 1, 1996. On January 5, 2004 the SSA paid Mr. Chironno $66,811.75 in retroactive SSA disability benefits, with monthly payments thereafter of approximately $1,651. OPM informed Mr. Chironno that based on his entitlement to and payment of Social Security benefits as of May 1, 1996, he had been overpaid $57,930.00 in FERS payments for the period of May 1, 1996 through September 30, 2004. OPM also notified Mr. Chironno that his FERS monthly annuity would be reduced to $134.00 beginning November 1, 2004, in view of his monthly Social Security payments.

In November 2004 Mr. Chironno filed a request for waiver of recovery of the overpayment based upon financial hardship and inability to pay. On February 10, 2005,

06-3122 2

OPM affirmed its determination of overpayment, rejected the requested waiver, and stated its intention to collect the entire overpayment by deduction from Mr. Chironno's future monthly annuity in 551 monthly payments of $105.00 each and one final deduction of $75.00. The Board affirmed OPM's decision, and Mr. Chironno appeals.

## DISCUSSION

A decision of the Board is reviewed to determined if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Chironno argues that the Board erred by failing to take into account his financial hardship and inability to pay. The Board reviewed Mr. Chironno's recent checking account statements, and found that he had an average daily balance of $1,485.00 from January 19, 2005 through February 14, 2005 and $1,035.00 from February 15, 2005 through March 16, 2005. Mr. Chironno did not provide other requested records to the Board, such as credit card statements and loan information. We have not been directed to evidence showing financial hardship flowing from the monthly recovery of $105.00. Although Mr. Chironno argues that it would be unconscionable to require repayment because he and his family need the money for basic necessities, the Board found that he failed to prove that requiring repayment would be unconscionable. Hemphill v. Office of Personnel Mgmt., 215 F.3d 1343 (Fed. Cir. 1999). Although the applicable standard is not whether the requirement of repayment is "unconscionable," but merely whether financial hardship has been shown, Moravec v. Office of Personnel Mgmt., 393 F.3d 1263, 1269 (Fed. Cir. 2004), the record contains substantial evidence to support the Board's determination that Mr. Chironno had

06-3122                             3

not established financial hardship and inability to accommodate the amount of the repayment. The Board's determination must be affirmed.

No costs.